<pre>
                    UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF IDAHO
</pre>

| | |
|---|---|
| PIERRE TSHISHIMBI-BASHALE,<br><br>    Plaintiff,<br><br>v.<br><br>TABU-ISA AND HER BOSS OF PACKERS SANITATION, INC.,<br><br>    Defendants. | Case No. 1:18-cv-00055-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On February 5, 2018, the Clerk of the Court conditionally filed Plaintiff Pierre Tshishimbi-Bashale's Complaint subject to later review by the Court to determine whether he is entitled to proceed under 28 U.S.C. § 1915. (Dkt. 3.) Plaintiff filed his Complaint without the assistance of counsel. Because Plaintiff requests to proceed *in forma pauperis*, the Court has conducted an initial review of the Complaint under 28 U.S.C. § 1915(e)(2). Having reviewed the record and being otherwise fully informed, the Court finds that Plaintiff's claims fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

## FACTUAL BACKGROUND

Plaintiff's Complaint is captioned as "corruption/polemics [sic] and levy of property" and raises claims for violations of his civil rights and tort products liability against his girlfriend, Tabu-Isa, and her boss, Packers Sanitation, Inc. Idaho. (Dkt. 2.)

Plaintiff alleges Ms. Tabu-Isa was "corrupted at her work by her supervisor" and that she is now cheating on Plaintiff with her supervisor and she has asked him to get his properties "she kept as commitment we had together." (Dkt. 2.) The events giving rise to the claims appear to have occurred on January 22, 2018 when Plaintiff alleges he arrived to retrieve his properties and the "men was present there with Mr. Amisi the…community president" and Plaintiff called the police who told him to file a civil case. (Dkt. 2.) The Complaint seeks relief in the form of "Judgment/Restitution, and Security of these matters."

## DISCUSSION

### 1. Standard of Review

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the Complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). "In determining whether a complaint is frivolous, "a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (emphasis in original). A court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding a complaint submitted *in forma pauperis* "is frivolous if it has no arguable basis in fact or law").

Because Plaintiff is proceeding *pro se*, the Complaint must be liberally construed, and Plaintiff must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). *Pro se* litigants are "subject to the same rules of procedure and evidence as defendants who are represented by counsel." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984).

Under Federal Rule of Civil Procedure 8, every civil complaint must include three elements: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claims showing the pleader is entitled to relief; and (3) a demand for relief sought. *See* Fed. R. Civ. P. 8(a). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 "does not require detailed factual allegations, ... it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the facts pleaded are "merely consistent with a defendant's

liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

If the complaint can be saved by amendment, the plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson. v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is improper unless it is beyond doubt that the Complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**2.     Analysis**

Plaintiff has not alleged sufficient facts or a sufficient legal basis to proceed with his Complaint in this case. The facts alleged in the Complaint are far too limited to satisfy the notice pleading required under Rule 8. The Complaint is completely devoid of the "who, what, why, where, and when" necessary to set forth a claim for relief let alone notify the Defendants of what the claims are and the basis for such claims. Further, it is not clear who or how any defendant engaged in any conduct that caused Plaintiff injury or damages.

Even assuming Plaintiff could correct the notice pleading deficiencies, the Complaint also fails to set forth a sufficient basis to support the exercise of jurisdiction by this Court. Federal courts have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or in which the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). Here, the Complaint's boilerplate caption cites to 28 U.S.C. § 1331. Plaintiff has checked boxes indicating the basis for jurisdiction as 1) a federal statute, but no statute is cited, 2) the United States Constitution, and 3) supplemental

jurisdiction over a state law claim. Further down, the Complaint generally states his claims are for "civil rights/tort product liability."

Even construing the pleading liberally and giving all benefit of the doubt to Plaintiff, the Complaint fails to allege any violation of rights protected by the Constitution or created by federal statute that would give rise to a federal question claim. Merely alleging violations of "civil rights" fails to satisfy the pleading requirements. (Dkt. 2.)

Further, the allegations in the Complaint do not give rise to any federal civil rights claim. Civil rights claims are often raised under 42 U.S.C. § 1983 which provides a cause of action for violations of constitutional and federal statutory rights. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Dismissal of a § 1983 claim is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe*, 789 F.3d at 1036. Here, there are no allegations of what constitutional right has been violated, how any such right was violated, or that any such violation was committed by a person acting under the color of state law. Therefore, no federal question jurisdiction has been shown.

The only other basis for this Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires that 1) the citizenship of the parties be completely diverse and 2) the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Generally, the diversity requirement is met if there is complete diversity in state citizenship between the plaintiffs and the defendants in a case. However, § 1332(a)(2) provides an

alienage provision—allowing federal courts to exercise diversity jurisdiction where the civil action is between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). But the alienage provision does not apply when such citizens or subjects are lawfully admitted for permanent residence in the United States and are also domiciled in the same state as the other party. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

Plaintiff's Complaint here fails to set forth sufficient facts to support exercising diversity jurisdiction. There is no allegation that the parties are from different states or that the alienage provision applies. Just the opposite, all of the parties appear to reside in Idaho. Further, there is no allegation that the amount in controversy exceeds $75,000. Therefore, there is no basis for exercising diversity jurisdiction.

Because no federal jurisdiction has been shown to exist, the Court cannot exercise supplemental jurisdiction over any state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367 (c)(3)).

## CONCLUSION

The Complaint here fails to sufficiently plead claims under Rule 8 and has failed to allege any basis for this Court to exercise jurisdiction over any of its claims. If a federal court dismisses a complaint for lack of subject-matter jurisdiction, the plaintiff can seek relief in state court or make a claim that is within the federal court's jurisdiction. *Franklin v. State of Or, State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981). Dismissal with prejudice is appropriate if the Court "clearly lacks subject matter jurisdiction and the nature of the asserted claims precludes any possibility that the jurisdictional defect can be cured

by amendment." *Ezell v. Franklin Cnty. Children Services*, 2009 WL 2872705, No. 08-03797 at *3 (C.D. Cal. June 13, 2008).

For the reasons stated above, Plaintiff cannot plausibly assert a claim subject to this Court's jurisdiction. It is therefore appropriate to enter an order dismissing the Complaint with prejudice and without leave to amend. Plaintiff's Application for Leave to Proceed *in forma pauperis* is denied as moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDRED that the case is **DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND** and Plaintiff's Application for Leave to Proceed *in Forma Pauperis* is **DENIED AS MOOT**.

DATED: August 16, 2018

_____
Honorable Edward J. Lodge
U.S. District Judge